# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICARDO FLEURIMOND,<br>    Plaintiff, | Case No. 1:25-cv-246<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| FIDELITY INVESTMENTS,<br>    Defendant | REPORT AND<br>RECOMMENDATION |

Plaintiff, a resident of Brooklyn, New York, brings this civil action against Fidelity Investments, c/o Margaret Serravalli, Chief Financial Officer, who plaintiff asserts is located in Cincinnati, Ohio. Plaintiff alleges, *inter alia*, that defendant violated the Truth in Lending Act, 15 U.S.C. § 1601, based on an alleged breach of contract arising from plaintiff's attempt to create a trust account with Fidelity Investments. This matter was originally filed in the Eastern District of New York. (Doc. 1). On April 15, 2025, the case was transferred to the Southern District of Ohio. (Doc. 6). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

## Screening of Complaint

### A.   Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a

claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Complaint**

Plaintiff has tendered his complaint on a standard form used by pro se litigants to allege civil violations. Plaintiff checks the "Diversity jurisdiction" box as the basis for federal court jurisdiction but then asserts:

> This action is pursuant to the Lanham Act a/k/a Trademark Act of 1946, as codified (in relevant part) in Title 15 U.S.C § 1051 (C) and (D), Title 15 UCC § 1605, § 1611, the Truth in Lending Act in 15 USC § 1601-1692, § 1602(g), § 1605, and § 1611; Preservation of Consumer Claims and Defenses; Unfair or Deceptive Acts or Practices, as codified in 16 CFR § 433.2; Fifth Amendment of the United States Constitution "Takings Clause"; Article I, Section 8, Clause 3 of the United States Constitution, "Commerce Clause"; Section 5 of the Federal Trade Commission Act (FTC Act); 15 USC § 45, Preservation of Consumers' Claims and Defense; 12 USC § 411, Issuance to reserve bank, Nature of obligation; 12 USC § 226, Negotiable Instruments Act of 1881 Chapter 2 (5), Federal Reserve Act; Section 16, and the Uniform Commercial Code (UCC).

(Doc. 1 at PAGEID 4). Plaintiff alleges the following:

> On or about April 20, 2020, Plaintiff tendered a credit application with Fidelity Investments, on behalf of RICARDO FLEURIMOND, as an extension of Plaintiffs credit to establish a Trust account ending in 9874. Said application for tender to the Federal Reserve Bank is regarded as the collateral used to secure the transaction, and by implication makes FIDELITY INVESTMENTS the implied pass-through agent/fiduciary for RICARDO FLEURIMOND for the redemption of Federal Reserve Notes (converted to credit).
>
> Defendant's acceptance of Plaintiff's "application" created an equitable contract with Defendant with the intent to secure consumer credits. Defendant is the alleged pass-through agent/fiduciary for Plaintiff, pursuant to laws governing consumer credit transactions. However, Defendant refused to issue the credit and subsequently closed said account, which points to an act of bad faith.
>
> On March 12, 2024, Plaintiff commenced a Conditional Acceptance of Offer Upon Receipt of Verified Proof of Claim to Defendant, via USPS Certified Mail, which stipulated a time certain of 5 days after receipt of said offer for acceptance or rebuttal by Defendant; silence would deem Defendant to be in default.
>
> As verified by a Notary witness, Defendant did not respond to Plaintiff's terms and conditions, as stipulated in the Conditional Offer. By Defendant's dishonor, Defendant tacitly agrees to the stipulations and are contractually liable for injury to Plaintiff for stress, duress; for impeding Plaintiff's ability to engage in Commerce, and restricting proper tax reporting.

(*Id*. at PAGEID 6-7). Plaintiff additionally alleges:

> Plaintiff has exhausted his administrative remedy by sending the aforementioned written communication to Defendant in the form of a conditional acceptance upon verified proof of claim to Defendant's published address via USPS Certified Mail service with Return Receipt Requested (PS Form 38 11) commencing March 12, 2024 through May 3, 2024. Respondent's non-response created a perfected contract with Plaintiff by tacit procuration by way of a notary public as a third-party witness.
>
> Defendant has not complied and therefore is in breach of its own policy as well as its agreement with Plaintiff, which was procured administratively in accordance with the rules and procedure of contract law. The common law doctrine of estoppel by acquiescence is applicable when one party gives legal notice to the second part of a fact or claim and the second party fails to challenge or refute that claim within a reasonable time. Wherefore Plaintiff believes Defendant is deemed to have

> acquiesced to Plaintiff's claim and is permanently estopped from challenge or making a counterclaim. All parties to this cause have been advised that their silence is their tacit agreement to the claims advanced herein and in the aforementioned perfected contract.

(*Id*. at PAGEID 8). Plaintiff has attached documents to his complaint that purportedly support his claims in this case. As relief, plaintiff seeks "compensatory damages in the amount of $500,000.00 (for the SIPC) and punitive and constructive damages in the amount of $50,000,000.00 pursuant to section 29 'Civil Money Penalties' of the Federal Reserve Act for Defendant's alleged dishonor and unjust enrichment which caused duress and stress to Plaintiff; and for impeding Plaintiffs ability to engage in commerce." (*Id*. at PAGEID 7).

**C. Resolution**

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

To the extent plaintiff may be invoking the diversity jurisdiction of the Court, his complaint fails to state a viable claim for breach of contract. A breach-of-contract claim under Ohio law has four elements: "(1) a contract existed; (2) the plaintiff performed under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages from the breach." *Dean v. Chamberlain Univ., LLC*, No. 21-3821, 2022 WL 2168812, at *2 (6th Cir. June 16, 2022) (citing *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006)). Plaintiff's allegations that "[d]efendant's acceptance of [p]laintiffs 'application' created an equitable contract with [d]efendant with the intent to secure consumer credits" is the type of threadbare assertion that does not support the existence of a contract. Nor does plaintiff satisfy the other elements for a breach of contract under Ohio law. *See Flex Homes, Inc. v. Ritz–Craft Corp. of Mich.,* No. 07cv1005, 2010 WL 2541690 (N.D. Ohio June 18, 2010) ("[T]he Plaintiffs'

5

argument is reduced to the contention that asserting a generic breach of contract claim is sufficient to survive a motion to dismiss without any factual allegations relating to the particular contract at issue. . . . This is a patent misinterpretation of the Rule 12(b)(6) standard, particularly in the aftermath of . . . *Twombly* and *Iqbal*."). The complaint contains insufficient factual detail from which this Court can discern any plausible breach of contract claim against defendant.

Although plaintiff's pro se complaint alleges numerous violations of various federal statutes and constitutional amendments, plaintiff has failed to allege any facts showing *how* the defendant participated in *any* alleged violation of plaintiff's constitutional or statutory rights. For example, the Truth and Lending Act (TILA) provides, in part, that financial institutions are required "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). "Failure to abide by disclosure requirements established in TILA may subject a creditor to civil liability." *Cox v. Bank of Am., N.A.*, No. 1:23-cv-1976, 2024 WL 3091056, at *3 (N.D. Ohio June 21, 2024) (citing 15 U.S.C § 1640). Section 1638(a) of TILA provides the "substantive requirements of the creditor's disclosures, while 15 U.S.C. § 1638(b) contains the form and timing of those disclosures." *Id*. "The mandated disclosures must be made before the consummation of the transaction." *Id*. (citing 12 C.F.R. § 226.17(b)).

Plaintiff's complaint fails to provide any facts suggesting how this statute applies to the circumstances of this case or was violated by defendant. Plaintiff fails to identify the disclosures defendant failed to make or that such disclosures were not properly or timely made.

The Court is simply unable to discern any plausible claim under TILA.

Plaintiff also claims defendant violated Section 16 of the Federal Reserve Act and seeks damages under section 29 of the Federal Reserve Act. However, "[n]either Section 16 nor Section 29 provide [p]laintiff with a private right of action and therefore cannot serve as a basis for federal question jurisdiction." *Payne v. Spectrum*, No. SA-23-cv-01313, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (report and recommendation), *adopted*, 2024 WL 4554089 (W.D. Tex. Oct. 21, 2024). "Section 16 concerns the issuance of federal reserve notes to federal reserve banks." *Id.* (citing 12 U.S.C. § 411). "Section 29 imposes civil penalties on banks for an array of misconduct." *Id.* (citing 12 U.S.C. § 504). These sections have no applicability to private individuals such as plaintiff, and "district courts across the country have repeatedly rejected attempts to invoke these provisions as a private cause of action." *Id.* (citing *White v. Lake Union Ga Partners LLC*, No. 1:23-cv-02852, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases). *See also Maxwell v. Synchrony Fin.*, No. 1:24-cv-561, 2024 WL 3554954, at *4 (N.D. Ohio July 26, 2024); *Thomas v. Wells Fargo Bank*, No. CV 23-00206, 2024 WL 478068, at *6 (S.D. Ala. Jan. 12, 2024) (report and recommendation), *adopted*, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024).

Additionally, plaintiff alleges defendant violated several provisions of the United States Constitution. However, defendant is not a state actor subject to such liability. *Cf. Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) ("Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be.").

Finally, plaintiff references a string of other miscellaneous authorities, including the Negotiable Instruments Act of 1881 and Trademark Act of 1946, but the Court is unable to discern why plaintiff believes he qualifies for relief under those applicable federal laws. Indeed, his complaint essentially constitutes "naked assertions of wrongdoing" that stand devoid of any "factual enhancement." *Twombly*, 550 U.S. at 557. The complaint provides no factual content or context from which the Court may reasonably infer that defendant violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Even construing plaintiff's pro se complaint liberally, the complaint fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal citations omitted)).

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d

274, 277 (6th Cir. 1997).

Date: 5/17/2025

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICARDO FLEURIMOND,
    Plaintiff,

vs.

FIDELITY INVESTMENTS,
    Defendant.

Case No. 1:25-cv-246
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).