**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| RICARDO FLEURIMOND, | : | Case No. 1:25-cv-246 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| FIDELITY INVESTMENTS, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 10). Plaintiff filed Objections (Doc. 11) to the Report and Recommendation. Additionally, Plaintiff's Motion for Reconsideration of Transfer (Doc. 8) has since been denied as moot by the Magistrate Judge. (*See* Order, Doc. 12.) This matter is now ripe for the Court's review.

**LAW AND ANALYSIS**

The Court conducts de novo review of any portions of the Report and Recommendation properly objected to by a party. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "The filing of vague, general, or conclusory objections," however, "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Arteaga v. Cinram-Technicolor*, No. 3:19-CV-349, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022) (distinguishing between properly specified objections and general objections).

Magistrate Judge Karen L. Litkovitz prepared a Report and Recommendation that recommends dismissing the claims within Plaintiff's pro se Complaint. (Report, Doc. 10.) Now, Plaintiff objects to dismissal of certain claims. On the whole, Plaintiff's Objections (Doc. 11) convey a common theme: the Complaint should be liberally construed in light of Plaintiff's pro se status. At the same time, however, the Sixth Circuit has demarcated certain "limits" to this command of liberal construction. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). For instance, a court need not "conjure allegations on a litigant's behalf, and a pleading must provide notice to the opposing party of the relief sought." *Id.* (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Vector Rsch., Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 697 (6th Cir. 1996)). With this framework in mind, the Court addresses Plaintiff's objections in turn.

### i.     Breach of Contract Claim

The Magistrate Judge concluded that Plaintiff failed to state a claim for breach of contract because the Complaint merely makes a "threadbare assertion" about a contract claim without pleading the required elements. (Report, Doc. 10, Pg. ID 16-17.) Plaintiff objects to this conclusion but relies on additional allegations not included within the Complaint. (Objections, Doc. 11, Pg. ID 23-24.) The allegations within the operative Complaint frame the Court's inquiry at this juncture. And, after considering the operative Complaint's allegations, the Court agrees with the Magistrate Judge's conclusion that they fail to satisfy the required elements for plausibly stating a breach of contract claim: "(1) a contract existed; (2) the plaintiff performed under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages from the breach." *Dean v.*

2

*Chamberlain Univ., LLC,* No. 21-3821, 2022 WL 2168812, at \*2 (6th Cir. June 16, 2022) (citing *Pavlovich v. Nat'l City Bank,* 435 F.3d 560, 565 (6th Cir. 2006) (interpreting Ohio law)). Thus, Plaintiff's first objection is overruled.

### ii.    Truth in Lending Act Claim

Plaintiff next argues that the Magistrate Judge overlooked key allegations in the Complaint and did not apply a liberal, pro-se pleading standard. (Objections, Doc. 11, Pg. ID 24-25.) Though Plaintiff brings up additional allegations as to the Truth in Lending Act claim, not all of these allegations are found within the four corners of the Complaint. And, while Plaintiff did cite to particular provisions of the Truth in Lending Act in the Complaint's jurisdictional section, the Complaint lacks adequate factual allegations to state a plausible claim under these provisions. Accordingly, the Court agrees with the Magistrate Judge's conclusion that the Complaint fails to explain how Defendants violated the Truth in Lending Act or the specific disclosures that Defendants failed to make. (Report, Doc. 10, Pg. ID 17.) Thus, Plaintiff's second objection is overruled.

### iii.    Trademark Claim

The Magistrate Judge found that, even liberally construing the Complaint, Plaintiff failed to provide any factual allegations as to why he would be entitled to relief regarding his trademark claim. (Report, Doc. 10, Pg. ID 19.) In an attempt to rebut this finding, Plaintiff once again points to allegations not included in the Complaint. Although Plaintiff suggests that "additional factual details about specific instances of infringement could readily be developed through discovery" (*Id.* at Pg. ID 27), the Court agrees with the Magistrate Judge's conclusion that the Complaint—as it stands—fails to plausibly

3

allege a trademark-based claim. This objection is therefore overruled.

### iv. Allegations of Harm

Plaintiff next objects that the Magistrate Judge did not properly consider the alleged harms in the Complaint. (Objections, Doc. 11, Pg. ID 28-30.) But, the Court does not find this argument persuasive. At the end of the day, a plaintiff must put forth sufficient factual allegations to plausibly state a claim for relief. Plaintiff's objections as to the alleged harms do not demonstrate how any of the previously discussed claims were sufficiently alleged in this Complaint. Thus, this final objection is overruled.

### v. Leave to Amend

In the event that the Court finds Plaintiff's Complaint inadequate, Plaintiff seeks leave to amend. (Objections, Doc. 11, Pg. ID 32-33.) Plaintiff does not provide a proposed amended complaint. "The problem with the lack of a motion or proposed amendment is that[,] without viewing the proposed amendment, it is impossible for the district court to determine whether leave to amend should [be] granted." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018) (cleaned up); *see also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A request for leave to amend almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (cleaned up). However, Plaintiff does hint at additional factual allegations. (*See* Objection, Doc. 11, Pg. ID 30-33.) "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (quotation omitted).

4

Accordingly, if Plaintiff desires to amend the Complaint, any motion to amend—along with any proposed amended complaint—must be filed within thirty (30) days of this Order. *See Barnett v. Kroger Co.*, No. 1:22-CV-544, 2023 WL 5899836, at *6 (S.D. Ohio Sept. 11, 2023).

## CONCLUSION

Upon review, Plaintiff's Objections (Doc. 11) are not well taken and are therefore **OVERRULED**. Accordingly, the Court **ORDERS** the following:

(1) The Report and Recommendation (Doc. 10) is **ADOPTED WITH MODIFICATIONS**;

(2) This matter is **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiff shall have the opportunity to file a motion to amend the Complaint; however, any such motion must be paired with a proposed amended complaint and must be filed within thirty (30) days of this Order; and

(4) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

5